693 S.E.2d 408

**In the Matter of Brian D. COKER, Respondent.**

No. 26818.

Supreme Court of South Carolina.

Submitted April 12, 2010.

Decided May 17, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension not to exceed three (3) years with the

condition that he complete the Legal Ethics and Practice Program Ethics School and Trust Account School prior to seeking reinstatement. *See* Rule 7(b), RLDE, Rule 413, SCACR.[1] He requests the suspension be made retroactive to the date of his interim suspension, February 3, 2010. *In the Matter of Coker*, 387 S.C. 219, 692 S.E.2d 892 (2010). We accept the Agreement and impose a definite suspension of three (3) years, retroactive to the date of respondent's interim suspension. In addition, respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School prior to seeking reinstatement. The facts, as set forth in the Agreement, are as follows.

## FACTS

Between July 2008 and December 2009, respondent admits he misappropriated an amount which ultimately totaled $275,000.00 from his client trust account. Respondent has restored and properly disbursed the funds. Respondent self-reported his misconduct to ODC.

## LAW

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (lawyer shall hold client funds separately from lawyer's personal funds); Rule 8.4(b) (lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to the administration of justice).

---

1. By order dated October 16, 2009, the Court amended Rule 7(b), RLDE, to provide for a maximum definite suspension of three (3) years and to eliminate indefinite suspensions. (Previously, the maximum length of a suspension was two (2) years). The amendment applies to complaints filed on or after January 1, 2010. Respondent self-reported this matter after January 1, 2010.

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a definite suspension of three (3) years, retroactive to the date of respondent's interim suspension. Further, respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School prior to seeking reinstatement. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

BEATTY, J., not participating.